While I concur with the majority opinion as it relates to the general contractor, David Black Contracting Services, Inc., and would affirm the trial court decision as to this Appellee, and also agree with the majority as to the evidentiary matters, I must dissent from the majority opinion where it reverses the trial court as to the other Appellee, Jarrett Reclamation Services, Inc.
From a review of the record and viewing the evidence in a light most favorable to Abbott, I believe that the trial court was correct in granting a directed verdict for Jarrett. Pursuant to the applicable law as found in Fyffe v. Jeno's Inc. (1991), 59 Ohio St.3d 115, in order to find an employer has committed an intentional tort against an employee, the conduct must rise above mere negligence. The employer must know that because of his actions, injuries are ". . . certain or substantially certain to result from the process, procedure or condition . . . mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent." Fyffe, supra, at 118.
Rick Jarrett was most certainly negligent here. He received with his contract for work a packet of materials which included safety requirements for digging trenches deeper than five feet, (Tr. pgs. 368, 384-85; 402, 424) but barely skimmed the materials (Tr. pgs. 425-425) and thus did not really know what safety procedures were required. (Tr. pg. 421). He had no experience on a job of this kind or magnitude, (Tr. p. 415) yet accepted the job anyway. Further, safety issues were sometimes discussed by Black at biweekly construction meetings which Jarrett occasionally attended (Tr. pgs. 301, 309, 380, 438-439). Unfortunately, Jarrett never fully appreciated the hazards of his current job. (Tr. pgs. 898, 928, 1011).
Negligence on the part of an employer does not hold that employer liable in intentional tort, however. Fyffe, supra. The standard is whether Jarrett knew with "substantial certainty" injury would occur by doing business in the way he had for the past several months and trenching in the manner he had used for several years. There is a plethora of evidence in the record that Rick Jarrett did not have substantial certainty his employees would be injured. Even if we negate Rick Jarrett's own testimony as self-serving, we cannot escape the fact that the Abbotts' own expert, Plaintiff's witness, testified not once but several times that Rick Jarrett was unaware of the harm that could result form the operation and his ignorance rendered him incompetent to supervise this job. (Tr. pgs. 898, 928, 933, 1011). Since the Abbotts' own expert testified that Jarrett did not have the requisite certainty, it is evident that the Abbotts did not meet the necessary burden in order to avoid directed verdict in this matter.
Even inferring that Jarrett's work was inherently dangerous and thus that Rick Jarrett must have had some knowledge of the danger involved, Abbott has failed to demonstrate that Jarrett Reclamation Services or Rick Jarrett himself possessed knowledge which rose to a substantial certainty that injury would be *Page 755 
caused by being in the trench. That Rick Jarrett himself was inside the trenches bears this out.
For the foregoing reasons, I would affirm the trial court decision in total. I do not find from the record that Abbott presented any evidence that Jarrett knew with substantial certainty that his employees would sustain injury from their working conditions or procedures. Thus, I must dissent with the majority on this issue.
APPROVED:
_________________________________ CHERYL L. WAITE, JUDGE